# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: October 16, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| DOROTHY BUNDRICK, | * | |
| | * | No. 15-836V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Influenza Vaccine; Adhesive Capsulitis; |
| AND HUMAN SERVICES, | * | SIRVA |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Lawrence R. Cohan, Anapol, Schwartz, et al., Philadelphia, PA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On August 6, 2015, Dorothy Bundrick ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that as a result of receiving an influenza vaccine on September 16, 2013, she suffered adhesive capsulitis. See Petition at 1.

On September 29, 2015, respondent's counsel filed a report pursuant to Vaccine Rule 4(c), in which respondent recommended that compensation be awarded to petitioner. See Respondent's Rule 4 Report at 1, 3. Specifically, respondent concluded, based on a review of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the petition and the supporting documentation, that petitioner suffered a shoulder injury as a result of an influenza vaccination. Id.

On October 16, 2015, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer (Appendix A), the undersigned awards petitioner:

**A lump sum of $120,000.00, in the form of a check payable to petitioner, Dorothy Bundrick.** This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Proffer ¶ III.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

> s/ Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| DOROTHY BUNDRICK, | ) | |
| | ) | |
| Petitioner, | ) | No. 15-836V  ECF |
| | ) | |
| v. | ) | Chief Special Master Dorsey |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.    Procedural History**

On August 6, 2015, Dorothy Bundrick ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), *as amended*. 42 U.S.C. §§ 300aa-1 *et seq.* Petitioner alleges that, as a result of receiving the influenza ("flu") vaccine on September 16, 2013, she suffered from a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder and arm.   Petitioner alleges a theory based on causation-in-fact.

On September 29, 2015, respondent filed her Vaccine Rule 4(c) report, conceding causation-in-fact for petitioner's SIRVA.  On September 30, 2015, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA caused by the flu vaccine.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

$120,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $120,000.00, in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357

Dated:  October 16, 2015                Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.