# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-836V
Filed: March 10, 2016
Not for Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| DOROTHY BUNDRICK, | \* | |
| | \* | Attorney's Fees and Costs; |
| Petitioner, | \* | Reasonable Amount Requested To |
| v. | \* | Which Respondent Does Not Object |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lawrence R. Cohan, Esq., Anapol Weiss, Philadelphia, PA, for petitioner.
Darryl R. Wishard, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On August 6, 2015, Dorothy Bundrick ["Ms. Bundrick" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. By filing her petition, petitioner asserted that she had sustained a post-vaccination injury and that the influenza vaccine listed on the Vaccine Injury Table[3] was the cause of this condition. Specifically, petitioner alleged that the flu vaccine she received on September 16, 2013 caused her to develop adhesive capsulitis, which causes pain and decreased range of motion in her left shoulder. Petition at ¶ 16.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986).  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] 42 C.F.R. § 100.3 (2011).

On September 30, 2015, Chief Special Master Dorsey found that petitioner was entitled to compensation. Judgment was entered for petitioner on October 19, 2015, in the amount of $120,000.00.

Petitioner applied for attorney's fees and costs on February 11, 2016 ["Motion for Fees"]. Respondent filed her response on February 12, 2016 ["Response"], and petitioner filed a reply brief ["Reply"] the same day.

### I. Applicable Law.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y, HHS,* 85 Fed. Cl. 319, 322-323 (2008). Special masters are afforded considerable discretion when considering motions for attorney fees. For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners. *Sabella v. Sec'y, HHS,* 86 Fed. Cl. 201, 209 (2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method. *Schueman v. Sec'y, HHS,* No. 04-693V, 2010 WL 3421956 at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y, HHS*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion.

As noted in the Motion for Fees, on January 26, 2016, petitioner's counsel forwarded an application for attorneys' fees and costs to respondent's counsel in an attempt to come to an informal resolution. "On February 11, 2016, upon instruction from respondent's counsel, petitioner's counsel filed his application for attorneys' fees and costs with the Court." Reply at 2. In his initial Motion, petitioner's counsel requested an award of $15,535.00 in attorneys' fees and $1,097.57 in costs for work performed by petitioner's counsel of record, Lawrence Cohan, and his associate, David Carney. Motion for Fees at 2. The total sum requested was $16,632.57. Pursuant to General Order 9, petitioner's counsel stated that petitioner had not incurred any expenses during the prosecution of her claim. *Id* at 1.

In her response to the Motion for Fees, respondent asserted "that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00." Response at 3. Respondent "recommends" that I use my discretion and experience to reduce petitioners' request to a reasonable amount. *Id.*

Lawrence R. Cohan is a senior trial counsel and a managing partner at Anapol Weiss. He has 36 years of civil litigation experience, 25 of which have been in the Vaccine Program. Motion for Fees at 2. Mr. Cohan and the firm that he works for are located in Philadelphia, P.A.

2

David J. Carney is an associate at Anapol Weiss and has 5.5 years of experience in civil litigation, including 5.5 years in the Vaccine Program. Motion for Fees at 2.

Respondent submits no opposition to the rates or time submitted by petitioner's counsel, stating only that "a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00." Response at 3. Respondent submits no foundation for this statement nor how she arrived these numbers.

In response thereto, petitioner's counsel submitted a list of several of his previous cases with similar injuries showing that he has previously billed and been awarded between $15,373.47 and $31,000.00 based on stipulation. Reply at 4. Petitioner's counsel noted that this was the "first time [he] had been required to file a motion with the Court and engage in motion practice for fees and costs." Reply at 5. In his Reply, petitioner's counsel requested additional fees as a result of having to draft the Motion and Reply to Respondent's Response. Petitioner's counsel therefore requests a total award of $17,870.07 for attorneys' fees and costs. Reply at 5-6.

I have reviewed the billing records of petitioner's counsel. Respondent submits no opposition to the rates or time submitted. I therefore see no reason to reduce petitioner's application for fees and costs.

### III.  Total Award Summary.

I find that petitioner's counsel's request is reasonable and he is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **I find the amount of $17,870.07[4] in the form of a check payable jointly to petitioner, Dorothy Bundrick, and petitioner's counsel of record, Lawrence Cohan, Esq., for petitioner's attorney's fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                     <ins>s/Mindy Michaels Roth</ins>
                                                     Mindy Michaels Roth
                                                     Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).