# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-836V
### Filed: April 27, 2016
### To Be Published

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| DOROTHY BUNDRICK, | * | |
| | * | Motion for Reconsideration; Attorneys' |
| Petitioner, | * | Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Lawrence R. Cohan, Esq., Anapol Weiss, Philadelphia, PA, for petitioner.
Darryl R. Wishard, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### RULING DENYING MOTION FOR RECONSIDERATION[1]

**Roth,** Special Master:

On March 30, 2016, respondent filed a Motion for Reconsideration of my Decision Awarding Attorneys' Fees and Costs, issued on March 10, 2016. Because the amount of attorneys' fees and costs requested by petitioner's counsel is reasonable and respondent has failed to identify any reason why the application should be reduced, her motion is DENIED.

### I. Procedural History.

On August 6, 2015, Dorothy Bundrick ["Ms. Bundrick" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

10, *et seq.*[2] [the "Vaccine Act" or "Program"].  On September 30, 2015, Chief Special Master Dorsey found that petitioner was entitled to compensation.  Judgment was entered for petitioner on October 19, 2015, in the amount of $120,000.00.

Petitioner applied for attorneys' fees and costs on February 11, 2016 ["Motion for Fees"].  In the Motion, petitioner's counsel requested an award of $15,535.00 in attorneys' fees and $1,097.57 in costs for work performed by petitioner's counsel of record, Lawrence Cohan, and his associate, David Carney.  Motion for Fees at 2.  The total sum requested was $16,632.57.

On February 12, 2016, respondent filed a Response to petitioner's Motion for Fees, asserting "that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00."  Response to Motion for Fees at 3.  Respondent "recommend[ed]" that I use my discretion and experience to reduce petitioner's request to a reasonable amount.  *Id.*  Respondent cited no support for her contention that petitioner's fees request should be reduced by more than $2,000.00.

The same day, petitioner's counsel filed a reply brief ["Reply"].  Petitioner's counsel stated that this was the "first time [he] had been required to file a motion with the Court and engage in motion practice for fees and costs."  Reply at 5.  He included a list of several previous cases with similar injuries showing that he had billed and been awarded, based on stipulation, amounts between $15,373.47 and $31,000.00.  Reply at 4.  Petitioner's counsel also requested additional fees as a result of having to draft the Motion and Reply to Respondent's Response.  Petitioner's counsel therefore requested a total award of $17,870.07 for attorneys' fees and costs.  Reply at 5-6.

On March 10, 2016, I issued a Decision on Attorneys' Fees and Costs awarding petitioner's counsel the entirety of the amount requested.  In my Decision, I noted that "[r]espondent submits no opposition to the rates or time submitted by petitioner's counsel" and that I personally "reviewed the billing records" in question.  Decision at 3.  Because I found petitioner's application to be reasonable, and respondent identified no reason why the award should be reduced, I awarded petitioner's counsel a total of $17,870.07.

On March 30, 2016, respondent filed a Motion for Reconsideration under Vaccine Rule 10(e)(1).  In it, respondent argued that she is not compelled to engage in motion practice for fee applications and that the impetus is on the special master to award reasonable fees; that my Decision requires respondent to file detailed oppositions to all fee applications, which is contrary to the law; and that I abused my discretion by failing to independently evaluate the reasonableness of the fee application.  Motion for Reconsideration at 2-3.

On April 10, 2016, petitioner's counsel filed a Response to Respondent's Motion for Reconsideration ["Response to Motion for Reconsideration"].  Petitioner's counsel argued that a special master has no obligation to conduct a line-by-line analysis of billing records; that respondent's assertion that I failed to review billing records was incorrect; that respondent

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986).  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

provided no reason for me to reduce the fees and costs application; and that the instant application for fees is actually less than the average attorneys' fees and costs award for other SIRVA cases handled by Anapol Weis. Response to Motion for Reconsideration at 3-4. Petitioner's counsel also requested an additional $1,100.00 for attorneys' fees incurred for writing his Response. *Id.* at 4.

## II. Applicable Law.

Vaccine Rule 10(e) governs motions for reconsideration. It is within a special master's discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3). Generally, a motion for reconsideration will be granted only upon a demonstration of a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States,* 26 Cl. Ct. 281, 286 (1992) (quoting *Circle K Corp. v. United States,* 23 Cl. Ct. 659, 664-65 (1991)). The burden is upon the moving party to "show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Brock v. United States,* 2010 WL 3199837, at *2 (Fed. Cl. July 20, 2010) (citing *Bishop,* 26 Cl. Ct. at 286)).

However, some special masters have construed the "interest of justice" standard articulated in Vaccine Rule 10(e)(3) as a lesser standard than the showing of "manifest injustice" required by RCFC Rule 59(a). *See, e.g., R.K. v. Sec'y of Health and Human Servs.,* No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010). Moreover, Vaccine Rule 10 provides a special master with "significant discretion to determine in a particular case what result is in the interest of justice." *McAllister v. Sec'y of Health and Human Servs.,* No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011). Additionally, special masters are not required to provide "a detailed order denying every argument for reconsideration." *Doe/17 v. Sec'y of Health and Human Servs.,* 84 Fed. Cl. 691, 704 n.18 (2008).

As I noted in my original Decision, determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y of Health and Human Servs.,* 85 Fed. Cl. 319, 322-23 (2008). Special masters are afforded considerable discretion when considering motions for attorneys' fees. For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners. *Sabella v. Sec'y of Health and Human Servs.,* 86 Fed. Cl. 201, 209 (2009).

When considering motions for attorneys' fees and costs, special masters employ the lodestar method. *Schueman v. Sec'y of Health and Human Servs.,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of Health and Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion.

Respondent has failed to demonstrate that reconsideration is warranted. Respondent has similarly failed to demonstrate that the interest of justice requires the reduction of a reasonable application for attorneys' fees and costs.

Respondent's Motion for Reconsideration fundamentally and inaccurately mischaracterizes the basis for my Decision. As stated in my Decision, I did review the billing records for petitioner's counsel. Decision at 3. I found them to be reasonable. That, coupled with respondent's failure to identify any opposition to the hourly rates billed or the number of hours expended, led me to, within my discretion, award petitioner's counsel the entirety of the total sum requested. *Id.*

Respondent suggested that a reasonable fee award for this case would fall between $12,000.00 and $14,000.00, but provided absolutely no support for this assertion. A special master is not required to accept the unsupported *ipse dixit* opinion of respondent, particularly when I reviewed the application and determined that the total sum requested appeared reasonable.

Respondent claims that her office lacks the resources to properly identify objections to fee applications[3] and leaves the decision on fees to my discretion. To then take the time to draft and file a Motion for Reconsideration is counterintuitive. I note that at this point in the proceedings, respondent's chosen path has already cost the Program at least $2,337.50 in additional attorneys' fees and costs.[4]

As I stated in my Decision Awarding Attorneys' Fees and Costs, I reviewed petitioner's counsel's billing records. The billing records and costs associated with the handling of this case appeared reasonable to me. Respondent did not raise a specific objection to anything—not petitioner's counsel's hourly rate, hours expended, or costs associated with this case. Respondent merely stated, with no support whatsoever, that she believed the appropriate range for this case was between $12,000 and $14,000. If respondent chooses to object to an application to attorneys' fees and costs without noting any specific objection to the hourly rates, hours expended, or costs associated with petitioner's counsel's prosecution of a case, she should not be surprised that I would decline to reduce petitioner's fees after my own review of the billing records and costs. By declining to object with specificity to petitioner's counsel's hourly rate or number of hours, respondent has waived her right to object. *See Dorego v. Sec'y of Health and Human Servs.,* No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. Apr. 4, 2016).

---

[3] Respondent's counsel stated that his client no longer has the resources to "provide detailed objections to requests for attorneys' fees and costs, which it previously provided as a courtesy to the Court." Response to Motion for Fees at 3, n.1.

[4] A Decision awarding petitioner's counsel the $1,100.00 he requested for his Response to respondent's Motion for Reconsideration will be issued simultaneously.

## IV. Conclusion.

For the reasons contained herein, respondent's Motion for Reconsideration of my Decision Awarding Attorneys' Fees and Costs is **DENIED.**

**IT IS SO ORDERED.**

                                        **s/Mindy Michaels Roth**
                                        Mindy Michaels Roth
                                        Special Master