# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-836V
Filed: April 27, 2016
Not for Publication

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DOROTHY BUNDRICK,                      *
                                       *       Attorney's Fees and Costs
                  Petitioner,          *
      v.                               *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                  Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan, Esq., Anapol Weiss, Philadelphia, PA, for petitioner.
Darryl R. Wishard, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On March 10, 2016, I issued a Decision awarding petitioner $17,870.07 in attorneys' fees and costs. On March 30, 2016, respondent timely filed a Motion for Reconsideration of that Decision. On April 10, 2016, petitioner filed a Response to respondent's Motion. In his Response, petitioner's counsel requested an additional $1,100.00 in attorneys' fees for several hours of brief writing.

Today I issued a Ruling denying respondent's Motion for Reconsideration. I incorporate that Ruling here. To briefly summarize, respondent did not object to petitioner's counsel's hourly rate, hours expended, or costs incurred associated with the prosecution of his client's case. Instead, respondent stated, without support or documentation, that she believed the fees award for this case should be approximately $2,000.00 to $4,000.00 less than the sum petitioner requested. I awarded petitioner the entirety of the sum requested. Respondent then filed a Motion for Reconsideration, arguing that I acted contrary to law and that the interest of justice necessitated a different result. I denied respondent's motion.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

Because petitioner's counsel has been required to engage in considerable motions practice since he first filed his application, he has incurred additional fees and costs. In his Response to respondent's Motion for Reconsideration, petitioner's counsel stated that he incurred an additional $1,100.00 in fees and costs associated with drafting his Response. His associate, David Carney, billed at a rate of $275.00 an hour for four hours, which were spent conducting legal research, writing, reviewing, and editing the brief. Response at 4, n.1.

Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y, HHS,* 85 Fed. Cl. 319, 322-323 (2008). Special masters are afforded considerable discretion when considering motions for attorney fees. For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners. *Sabella v. Sec'y, HHS,* 86 Fed. Cl. 201, 209 (2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method. *Schueman v. Sec'y, HHS,* No. 04-693V, 2010 WL 3421956 at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y, HHS*, 102 Fed. Cl. 719, 729 (2011).

I have reviewed petitioner's application for the additional $1,100.00 for fees incurred for the drafting of petitioner's Response to respondent's Motion for Reconsideration and find it to be reasonable. Petitioner's counsel has established that he is entitled to the requested sum pursuant to § 15(e)(1). **For the reasons contained herein, I award the amount of $1,100.00 in the form of a check payable jointly to petitioner, Dorothy Bundrick, and petitioner's counsel of record, Lawrence Cohan, Esq., for petitioner's attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).